# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

United States of America   :   Docket Number 3:16-Cr-170(SRU)

v.

Anthony Diaz         :   January 3, 2017

## MEMORANDUM IN AID OF SENTENCING

This Memorandum is submitted on behalf of Anthony (Tony) Diaz to assist the Court in determining an appropriate sentence. Its brevity is solely a reflection of the completeness of the PSR.

The standards that inform sentencing decisions under the advisory guidelines are well-known to this Court. Suffice it to say that the Second Circuit has freed district judges from the distracting and destructive emphasis on "abstract arithmetic" in so-called white collar cases in favor of sentences designed to achieve the purposes set forth in §3553(a).[1] Under <u>Adelson</u> and <u>Cavera</u>, sentencing judges can do what they are well-suited to do: use their experience and judgment to determine the price a defendant should pay for his/her crime, aided by the guidelines but not shackled by them.[2]

At the outset, we suggest that a probationary sentence for this offender is rationally based in both the advisory guidelines and 18 U.S.C. §3553(a). Indeed, this is one of those rare cases in which a non-custodial sentence is fully supported by the advisory guidelines.

---

[1]  *See* <u>United States v. Adelson</u>, 441 F. Supp. 2d 506, 512 (S.D.N.Y. 2006) *aff'd* 301 Fed. Appx. 93 (2d Cir. 2008)(describing "the utter travesty of justice that sometimes results from the guidelines' fetish with abstract arithmetic, as well as the harm that guideline calculations can visit on human beings if not cabined by common sense.").

[2]  Judge Raggi writes in her <u>Cavera</u> concurrence that the panel opinion "reflects an acknowledgement of the general insights and judgment that district courts develop – a sort of judicial common sense by virtue of imposing scores of sentences each year." <u>United States v. Cavera</u>, 550 F.3d 180 (2d Cir. 2008) (Raggi, J. concurring).

The PSR accurately describes the pertinent facts and circumstances of the offense and the offender. The backdrop of this case is a practice—long since discontinued—at Advantage Cleaning in which certain employees paid kickbacks to get prevailing wage (higher paying) jobs. When questioned about this practice, Mr. Diaz was not truthful with the agents. Unbeknownst to him, he had been previously recorded acknowledging that there was a time when certain employees paid kickbacks to get certain jobs but that "didn't happen anymore." Mr. Diaz has since met with the government to set the record straight. The undersigned believes that the government is satisfied that Mr. Diaz has provided a truthful account of the kickback scheme and that this practice has stopped.

The attached letters will hopefully add to the Court's understanding of who Mr. Diaz is as a person. In short, he is a well-respected member of the community whose transgression in this case is aberrant in every sense.

In addition to considering the advisory guidelines and the "nature and circumstances of the offense," a sentencing court must also consider the "characteristics of the defendant" in fashioning a sentence that is sufficient but not greater than necessary to achieve the purposes of criminal sentencing. *See* <u>Cavera</u>, 550 F.3d at 189 (quoting 18 U.S.C. 3553(a)). In terms of personal characteristics, it is clear from the PSR that Tony Diaz is not a "criminal type." Indeed, he is a person of character and integrity. The in-home care he provided to his ailing mother was in the first instance a labor of love but also it shows that Tony is an unselfish, decent human being. In every respect, he is a good person who has led a good life.

It is undisputed that Tony fully accepts responsibility and has genuine remorse for his misconduct. This is significant for as Judge Posner writes, "a person who is conscious of having done wrong and who feels genuine remorse for his wrong is on the way to developing those internal checks that would keep people from committing crimes even if the expected costs of criminal punishment were lower than they are." <u>United States v. Besera</u>, 967 F.2d 254, 256 (7th Cir. 1992). Remorse is more than a simple proxy for determining how bad an

individual is and how much punishment he/she needs. Remorse indicates that an offender has the self-transformative capacity that actually justifies a lesser punishment. We suggest that it may well be the most important 3553(a) characteristic.

By any measure of the core purposes of sentencing—rehabilitation, deterrence, retribution—there is no need for a sentence of incarceration in this case. For all of these reasons, we respectfully request that the Court impose a probationary sentence.

Respectfully submitted,

By: _____

Robert M. Casale, Esq.
1944 Rt 77, Guilford, CT 06405
Fed. Bar #: CT 00156
Telephone: 203-488-6363
Email: AttorneyCasale@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on Jan 3, 2017, the foregoing Memorandum in Aid of Sentencing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Courts electronic filing system. Parties may access this filing through the Court's CM/ECF System.

_____
Robert M. Casale, Esq.