UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:16CR170(SRU) |
| v. | |
| ANTHONY DIAZ | January 5, 2017 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States respectfully submits this memorandum for the sentencing of the defendant Anthony Diaz, which is scheduled for January 13, 2017.

I. INTRODUCTION AND BACKGROUND

On September 20, 2016, the defendant pled guilty to one count of making a false statement, in violation of 18 U.S.C. § 1001.

II. FACTS AND CIRCUMSTANCES OF DEFENDANTS' CONDUCT

The defendant faces a total maximum penalty of five years' imprisonment, a fine, three years of supervised release, a restitution order, and a $100 special assessment. As set forth in the presentence report ("PSR"), the defendant's total offense level is 8 and his imprisonment range is 0 to 6 months. The defendant has agreed to pay restitution in this matter.

III. Discussion

   III. Discussion

      A. Determining an Appropriate Sentence Post-Booker

Although the Sentencing Guidelines are no longer mandatory, they must be considered by the Court along with the other factors listed in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 260-61 (2005); *United States v. Crosby*, 397 F.3d 103, 110 (2d Cir. 2005); *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)("district courts must begin their analysis with the

Guidelines and remain cognizant of them throughout the sentencing process"). Ultimately, a district court's sentence is reviewed for reasonableness. *Booker*, 543 U.S. at 260-61; *Crosby*, 397 F.3d at 114-15. Reasonableness is a flexible concept and district courts are given latitude in their exercise of discretion to fashion an appropriate sentence, even a non-Guidelines sentence. *See United States v. Jones*, 460 F.3d 191 (2d Cir. 2006).

The Second Circuit has instructed district judges to consider the Guidelines "faithfully" when sentencing. *Crosby*, 397 F.3d at 114. The fact that the Sentencing Guidelines are no longer mandatory does not reduce them to "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Crosby*, 397 F.3d at 113. Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46, district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49; *Kimbrough v. United States*, 552 U.S. 85, 107 (2007). The Second Circuit has "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough*, 552 U.S. at 89 ("We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'") (*quoting Rita v. United States*, 551 U.S. 338, 350 (2007)).

In this case, the sentence should reflect the considered judgment of the Sentencing Commission, "an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider," *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir.

2006), and is "based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46.

B.  The Section 3553 Factors

Under 18 U.S.C. § 3553(a), the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The statute then provides that "[t]he court, in determining the particular sentence to be imposed, shall consider:"

   (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2)   the need for the sentence imposed─

         (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

         (B)   to afford adequate deterrence to criminal conduct;

         (C)   to protect the public from further crimes of the defendant; and

         (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3)   the kinds of sentences available;

   (4)   the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

   (5)   any pertinent policy statement [issued by the Sentencing Commission];

   (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The defendant's criminal conduct in this matter involves a serious offense which, weighed in view of the factors set forth in § 3553(a), support a sentence consistent with the section 3553 factors. *See* 18 U.S.C. § 3553(a)(4) (Court shall consider the sentence applicable under the Guidelines). As explained below, the § 3553(a) factors justify a sentence commensurate with the criminal conduct engaged in by the defendant as well as the efforts taken by him to ensure that such conduct never occurs again.

1. The Nature and Circumstances of the Offense

By engaging in the criminal conduct as well as the underlying conduct that he lied to federal agents about, the defendant committed a very serious crime. As such, the sentence should reflect the nature and circumstances of the offense.

2. The Defendant's History and Characteristics

As the PSR states, the defendant had a stable and positive childhood and he is in relatively good physical and mental health. In addition, the defendant to his credit has been a hard worker and committed to his family and community.

The PSR, however, do not distinguish the defendant from most other white-collar criminals. *See United States v. McClatchey*, 316 F.3d 1122, 1135 (10th Cir. 2003) ("excellent character references are not out of the ordinary for an executive who commits white-collar crime; one would be surprised to see a person rise to an elevated position in business if people did not think highly of him or her"). The case law is replete with convicted felons who, despite their

criminal conduct, appear to be compassionate and praiseworthy people. Indeed, the Guidelines already take into account the defendant's lack of a criminal record by according him a Criminal History Category of I.

   3. The Sentence Must Promote Respect for the Law

The sentence in this case must reflect the seriousness of the offense, promote public respect for the law, and demonstrate that as a society we treat very seriously crime like that engaged in by the defendant.

   4. The Court Should Consider General Deterrence

One of the factors the Court must consider in imposing sentence is the need for the sentence to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). General deterrence is an especially important goal in sentencing for making a false statement, because they can be used as a way to deter other similarly situated people from engaging in similar conduct.

In addition, the sentence should send a message to those who are employed in similar positions or who are contemplating doing the same, that there will be substantial punishment for engaging in the same conduct as the defendant. A sentence that does not account for general deterrence sends the wrong message. As such, the sentence in this case should deter like-minded individuals and send a strong message that such criminal activity and flagrant disregard of the law will not be tolerated by this Court. *See* 18 U.S.C. § 3553(a)(2)(B).

V. CONCLUSION

The Government respectfully requests that the Court impose a sentence consistent with the factors outline in section 3553(a).

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

*/s/ Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT20962
157 Church Street; 23rd Floor
New Haven, Connecticut 06510
(203) 821-3810
Douglas.morabito@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2017 a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar Number: CT20962
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700